817 So.2d 1102 (2002)
James ANDERSON, d/b/a Anderson Diesel, Appellant,
v.
Harold KING, Appellee.
No. 2D01-3080.
District Court of Appeal of Florida, Second District.
June 14, 2002.
*1103 Hinda Klein of Conroy, Simberg, Ganon, Krevans & Abel, P.A., Hollywood, for Appellant.
No appearance for Appellee.
KELLY, Judge.
James Anderson, d/b/a Anderson Diesel, appeals from an order denying his motion for attorney's fees and costs under section 768.79, Florida Statutes (2001). Anderson argues that the trial court erroneously determined his entitlement to fees and costs with reference to the amount of the verdict rather than the amount of the judgment obtained. Alternatively, he argues he was entitled to costs under section 57.041, Florida Statutes (2001), but that the trial court erroneously determined that he was not the party recovering judgment. We reverse.
Harold King sued Anderson for damages for negligent maintenance of King's boat and a jury awarded King $54,000. The jury also determined that King was 75 percent comparatively negligent, which reduced the verdict to $13,625. The court then set-off $38,500 King had received from selling the boat, and it entered a judgment in favor of King for zero dollars.
Anderson had filed an offer of judgment for $16,501, and sought attorney's fees and costs based on the offer of judgment. The trial court concluded that the amount of the jury's damage award, not the amount of the net judgment entered, should determine whether Anderson was entitled to attorney's fees and costs under his offer of judgment. Because the verdict, after it was reduced for King's comparative negligence, but before it was reduced by the proceeds from the sale of the boat, was not at least 25 percent less than the amount of the offer, the trial court found that Anderson was not entitled to attorney's fees and costs. The court also determined that Anderson was not entitled to costs under section 57.041 because he was not the party recovering judgment.
Section 768.79(6)(a) provides: "If a defendant serves an offer which is not accepted ... and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs ... and attorney's fees. ..." (emphasis supplied). In making that determination, the term "judgment obtained" means the amount of the net judgment entered plus certain postoffer payments that are not relevant in this case. § 768.79(6) (emphasis supplied). The supreme court has recently *1104 considered the manner in which a court is to determine what is included in the "judgment obtained" and concluded that it is not "limited to or equated solely with the amount of the judgment for damages." White v. Steak & Ale of Fla., Inc., 816 So.2d 546, 550 (Fla.2002). The "judgment obtained" should not be equated with the jury's verdict. Id.
In this case, the trial court equated the jury's verdict with the judgment obtained. The trial court should have determined Anderson's entitlement to fees and costs based on the net judgment entered in favor of King, not the amount of the verdict before it was reduced by the amount King received from the sale of the boat. After the verdict was reduced by the proceeds from the sale of the boat, the trial court entered a judgment in favor of King for zero dollars, which is 25 percent less than Anderson's offer. Accordingly, Anderson was entitled to recover his attorney's fees and costs, and the trial court should have entered judgment for Anderson in the amount of those fees and costs. § 768.79(1). Because we agree with Anderson that he is entitled to his attorney's fees and costs under his offer of judgment, it is unnecessary for us to address his alternative argument that he is entitled to costs under section 57.041.
Reversed and remanded.
SALCINES and STRINGER, JJ., Concur.