834 So.2d 183 (2002)
Rosemary Oelrich BOTTCHER, Petitioner,
v.
Kathryn Brown WALSH, Respondent.
No. 2D01-4580.
District Court of Appeal of Florida, Second District.
June 26, 2002.
Rehearing Denied July 30, 2002.
Kevin R. Bruning of Williams, Parker, Harrison, Dietz & Getzen, Sarasota, for Petitioner.
Roger L. Young of Law Office of Roger L. Young, P.A., Sarasota, for Respondent.
COVINGTON, Judge.
On this petition for writ of certiorari, Rosemary Oelrich Bottcher challenges a decision of the circuit court, acting in its appellate capacity. She contends the circuit court departed from the essential requirements of the law in reversing a county court order that denied the respondent, Kathryn Brown Walsh, attorney's fees. We grant Ms. Bottcher's petition.
On April 6, 1999, Ms. Bottcher filed a small claims action in the county court against Ms. Walsh for $2500 in damages arising from the death of a horse. On January 12, 2000, Ms. Walsh timely served a proposal for settlement on Ms. Bottcher pursuant to section 768.79, Florida Statutes (1999), and Florida Rule of Civil Procedure 1.442, which govern offers of judgment. *184 On January 14, 2000, prior to a hearing or any decision in the matter, Ms. Walsh filed the proposal in the county court. Ms. Bottcher did not accept the proposal.
Ms. Bottcher's action was tried on November 29 and 30, 2000. On December 19, 2000, the county court entered a final judgment dismissing her claim. The final judgment reserved jurisdiction on the issue of attorney's fees and costs.
On December 22, 2000, Ms. Walsh filed a motion for attorney's fees and costs. Ms. Walsh claimed entitlement to fees and costs for Ms. Bottcher's failure to accept the proposal for settlement and to obtain a judgment against Ms. Walsh for an amount in excess of the proposal.
In response to the fee motion, Ms. Bottcher asserted that Ms. Walsh was not entitled to fees, because she prematurely filed her settlement proposal in violation of rule 1.442. Ms. Bottcher claimed that the premature filing nullified the offer.
At the ensuing hearing, Ms. Walsh's counsel conceded that he prematurely filed the offer. He explained that he intentionally did so because of ongoing difficulties he was having with opposing counsel. Primarily, he was concerned that, in the event of a judgment for Ms. Walsh, Ms. Bottcher's counsel would deny ever having been timely served with the settlement proposal. Thus, Ms. Walsh's counsel claimed that he prematurely filed the proposal to safeguard his client's position.
On January 31, 2001, the county court denied Ms. Walsh's motion for fees. It found that Ms. Walsh's settlement proposal was prematurely filed in violation of both section 768.79 and rule 1.442(d), which provides that "[a] proposal shall be served on the party ... to whom it is made but shall not be filed unless necessary to enforce the provisions of this rule."
The county court, based on the "unforgiving nature" of the ruling in Schussel v. Ladd Hairdressers, Inc., 736 So.2d 776 (Fla. 4th DCA 1999), determined that, because the provisions of rule 1.442 are to be strictly construed, the proposal herein was void as having been prematurely and unnecessarily filed. According to the county court, the fact that the proposal was prematurely filed as a "safety-net" was a questionable strategy. The county court further opined that counsel "could have [otherwise] utilized some alternative as a means of safeguarding his position."
Thereafter, Ms. Walsh filed a direct appeal in the circuit court. The circuit court, by written decision, reversed the county court's order denying Ms. Walsh's motion for attorney's fees. It concluded that the premature filing of the settlement proposal was not fatal to Ms. Walsh's fee motion, because Ms. Bottcher was not prejudiced as a result.
On the instant certiorari petition, Ms. Bottcher contends the circuit court applied the incorrect law in reversing the county court decision. She argues that the provisions of rule 1.442 must be strictly construed and that the circuit court improperly considered the issue of prejudice contrary to Grip Development, Inc. v. Coldwell Banker Residential Real Estate, Inc., 788 So.2d 262 (Fla. 4th DCA 2000). We agree.
The scope of our certiorari review in this instance is limited to whether "the circuit court's decision constituted a denial of procedural due process, application of incorrect law, or a miscarriage of justice." Kaklamanos v. Allstate Ins. Co., 796 So.2d 555, 557 (Fla. 1st DCA 2001) (citing Ivey v. Allstate Ins. Co., 774 So.2d 679, 683 (Fla.2000)). Where, within the context of second-appeal certiorari review, the circuit court's legal error in applying the incorrect law is sufficiently egregious *185 or fundamental, certiorari relief may be granted. Kaklamanos, 796 So.2d at 557-558.
Here, rule 1.442(d) literally provides that after an offer is served it "shall not be filed unless necessary to enforce the provisions of this rule." At all relevant times herein, it has been undisputed that Ms. Walsh's proposal for settlement was prematurely filed. Grip holds that the time requirements of rule 1.442 are procedural in nature and thus mandatory. Grip, 788 So.2d at 265 (citing Schmidt v. Fortner, 629 So.2d 1036, 1040 (Fla. 4th DCA 1993)); see also Schussel, 736 So.2d at 778 (stating that the provisions of section 768.79 and rule 1.442 are punitive and must be strictly construed).
Based on the foregoing and under the specific facts of this case, we conclude the circuit court applied fundamentally incorrect law in excusing the premature filing of Ms. Walsh's settlement proposal based upon a lack of prejudice. Grip, 788 So.2d at 265 (stating that prejudice is not a topic for judicial inquiry under these circumstances). The time requirements of rule 1.442 were entitled to strict construction by the circuit court. Furthermore, the purposeful conduct of Ms. Walsh's attorney in prematurely filing the settlement proposal in violation of the rule was a matter that should not have been overlooked. As the county court indicated in its written order, Ms. Walsh's attorney had other legitimate alternatives at his disposal to protect his client's position. For example, the settlement proposal could have been hand delivered or sent by registered mail if there was concern that the opposing party would deny service in the event of an unfavorable outcome. Instead, the proposal was improperly filed.
Accordingly, Ms. Bottcher's petition for writ of certiorari is granted, the circuit court's decision is quashed, and this cause is remanded to the circuit court for proceedings consistent with this opinion.
WHATLEY, J., and DANAHY, PAUL W., Senior Judge, Concur.