909 So.2d 340 (2005)
Paula MILLS, Appellant,
v.
Emanuel MARTINEZ, Appellee.
No. 5D04-2877.
District Court of Appeal of Florida, Fifth District.
July 8, 2005.
Rehearing Denied September 2, 2005.
*341 Glenn K. Allen, of Glenn K. Allen, P.A., Jacksonville, for Appellant.
Steven J. Guardiano, Daytona Beach, for Appellee.
ORFINGER, J.
Paula Mills appeals the trial court's order denying her request for attorney's fees based on a finding that her proposal of settlement was filed prematurely with the court contrary to section 768.79(3), Florida Statutes (2004), and Florida Rule of Civil Procedure 1.442(d). For the reasons discussed hereafter, we reverse.
After obtaining a favorable verdict in her breach of contract action against Emanuel Martinez, Mills filed a post-trial motion seeking attorney's fees based on an offer of judgment or settlement proposal she had served on Martinez pursuant to section 768.79 and rule 1.442. The trial judge entered an "Order on Post Trial Motions," concluding that Mills was entitled to an award of attorney's fees pursuant to section 768.79 and rule 1.442, while noting that both the amount and the entitlement to attorney's fees were disputed by Martinez. At the same time, the trial judge entered a final judgment against Martinez, reserving jurisdiction to "determine the amount of attorney's fees awardable to the Plaintiff pursuant to Florida Statutes Chapter 768 and Florida Rule of Civil Procedure 1.442." Subsequently, the trial court, sua sponte, reversed itself and entered an order denying Mills's entitlement to attorney's fees on her proposal for settlement because it had been filed with the court prematurely. This appeal followed.
Mills first argues that the trial court lacked jurisdiction to change the order on attorney's fees, sua sponte, because, based on Florida Rule of Civil Procedure 1.530(d),[1] the court lost jurisdiction to reconsider the merits of its original order ten days after the order has been filed. Mills also argues that Florida Rule of Civil Procedure 1.540[2] cannot be applied *342 to the order on attorney's fees in this case because rule 1.540(a) permits action by the trial court on its own initiative only to correct clerical mistakes and errors arising from oversight or admission. In addition, Mills argues that jurisdiction may not be established under rule 1.540(b) because judicial error, such as a "mistaken view of law," is not one of the circumstances contemplated by the rule, and the rule may only be applied "[o]n motion and upon such terms as are just."
In response, Martinez argues that the trial court had jurisdiction to change or modify the previous order on entitlement to attorney's fees, as the order was not a final judgment or order, and, therefore, not subject to the time limitations set forth in either rule 1.530 (motions for new trial and rehearing; amendments of judgments) or the subject matter of rule 1.540 (relief from final orders and judgments). We agree.
An order that merely grants or denies a motion does not resolve the issue conclusively. It has long been established that a trial judge has the right and authority, at any time before entering final judgment, to change prior interlocutory rulings. Bravo Elec. Co., Inc., v. Carter Elec., Co., 522 So.2d 480, 480-81 (Fla. 5th DCA 1988). We are not dissuaded from this view by the fact that the order determining Mills's entitlement to attorney's fees was included in the final judgment on damages. At least in regard to attorney's fees, the order was non-final. An award of attorneys' fees does not become final, and, therefore, appealable until the amount is set by the trial court. Sanders v. Palmieri, 849 So.2d 417, 417 (Fla. 5th DCA 2003) (citing Montanez v. Montanez, 697 So.2d 184 (Fla. 2d DCA 1997)).
It is well settled that a judgment attains the degree of finality necessary to support an appeal when it adjudicates the merits of the cause and disposes of the action between the parties, leaving no judicial labor to be done except the execution of the judgment. Gore v. Hansen, 59 So.2d 538 (Fla.1952). Final judgments or orders "determine the rights and liabilities of all parties with reference to the matters in controversy and leave nothing of a judicial character to be done." Id. at 539.
*343 McGurn v. Scott, 596 So.2d 1042, 1043-44 (Fla.1992).
Mills also argues that the trial court's use of rule 1.442(d) and section 768.79(3) as a sanction to deny her attorney's fees was error. Rule 1.442(d) provides:
(d) Service and Filing. A proposal shall be served on the party or parties to whom it is made but shall not be filed unless necessary to enforce the provisions of this rule.

Fla. R. Civ. P. 1.442(d) (emphasis added). Section 768.79(3) provides:
(3) The offer shall be served upon the party to whom it is made, but it shall not be filed unless it is accepted or unless filing is necessary to enforce the provisions of this section.

§ 768.79(3), Fla. Stat. (2004) (emphasis added).
The offer of judgment statute and rule are in derogation of the common law rule that each party pay its own fees and are, therefore, strictly construed. Willis Shaw Exp., Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 277 (Fla.2003); see Major League Baseball v. Morsani, 790 So.2d 1071, 1077-78 (Fla.2001) (holding that "a statute enacted in derogation of the common law must be strictly construed . . .");
Dade County v. Pena, 664 So.2d 959, 960 (Fla.1995) ("[I]t is also a well-established rule in Florida that `statutes awarding attorney's fees must be strictly construed.'") (quoting Gershuny v. Martin McFall Messenger Anesthesia Prof'l Ass'n, 539 So.2d 1131, 1132 (Fla.1989)).
It is undisputed that Mills's proposal for settlement was timely served, but prematurely filed with the court, some two years prior to trial.[3] We recognize that Bottcher v. Walsh, 834 So.2d 183 (Fla. 2d DCA 2002), holds that because the time requirements of rule 1.442 are to be strictly construed, a prematurely filed offer is void. That holding was, at least in part, premised on Schussel v. Ladd Hairdressers, Inc., 736 So.2d 776, 778 (Fla. 4th DCA 1999), which construed the provisions of section 768.79 and rule 1.442 to be punitive in nature and, therefore, subject to strict construction.
While rule 1.442 is punitive in nature, its purpose is to sanction a party who unreasonably refuses to settle by shifting the payment of attorney's fees. See Loy v. Leone, 546 So.2d 1187 (Fla. 5th DCA 1989). "Procedural rules should be given a construction calculated to further justice, not to frustrate it." Singletary v. State, 322 So.2d 551 (Fla.1975); see also Eastwood v. Hall, 258 So.2d 269 (Fla. 2d DCA 1972). "When it appears that rigid enforcement of procedural requirements would defeat the great object for which they were established, the trial judge should relax them, if it can be done without injustice to any of the parties." In re Rutherfurd's Estate, 304 So.2d 517, 520 (Fla. 4th DCA 1974).
"Generally, where the word `shall' refers to some required action preceding a possible deprivation of a substantive right, the word is given its literal meaning." Stanford v. State, 706 So.2d 900, 902 (Fla. 1st DCA 1998) (relying on S.R. v. State, 346 So.2d 1018, 1019 (Fla.1977), and Neal v. Bryant, 149 So.2d 529, 532 (Fla.1962)). In Neal, we explained that in its normal usage, "shall" has a mandatory connotation. Id. Only when a particular provision relates to some immaterial matter, where compliance is a *344 matter of convenience rather than substance, or where the statute's directions are given merely with a view to the proper, orderly and prompt conduct of business is the provision generally regarded as directory. Id. (quoting Reid v. Southern Dev. Co., 52 Fla. 595, 42 So. 206 (1906)).
DeGregorio v. Balkwill, 853 So.2d 371, 374 (Fla.2003) (citations omitted) (emphasis added).
We believe Mills's error in prematurely filing her proposal to settle to be such an immaterial matter. In United States v. James Daniel Good Real Property, 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993), the Supreme Court stated that "if a statute does not specify a consequence for noncompliance with statutory timing provisions, the federal courts will not in the ordinary course impose their own coercive sanction." Id. at 63, 114 S.Ct. 492 (citations omitted). The Court reasoned that, when Congress had included various "promptness" requirements in certain statutes but included no penalty for failure to meet those requirements, the Court would not impose its own sanction of dismissal. Id. at 64-65, 114 S.Ct. 492.[4] We find that analysis to be compelling here, because it furthers, not frustrates, the purpose of the rule and statute. We believe Mills's violation of rule 1.442(d) was immaterial and certainly not prejudicial. The trial court followed Bottcher, as it was required to do. However, we disagree with Bottcher because such an interpretation of the rule defeats its very purpose.
For these reasons, we reverse the order denying Mills's fee request and certify conflict with Bottcher.
REVERSED; CONFLICT CERTIFIED.
PLEUS, C.J., and PETERSON, J., concur.
NOTES
[1] Florida Rule of Civil Procedure 1.530(d) provides:

(d) On Initiative of Court. Not later than 10 days after entry of judgment or within the time of ruling on a timely motion for a rehearing or a new trial made by a party, the court of its own initiative may order a rehearing or a new trial for any reason for which it might have granted a rehearing or a new trial on motion of a party.
[2] Florida Rule of Civil Procedure 1.540 provides:

(a) Clerical Mistakes. Clerical mistakes in judgments, decrees, or other parts of the record and errors therein arising from over-sight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal such mistakes may be so corrected before the record on appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court. . . .
[3] The record discloses that Martinez served Mills with a proposal to settle several months before Mills's proposal was served. Ironically, Martinez also filed his offer with the court in violation of the rule and statute.
[4] Other federal courts have reached similar results when considering time periods established in other statutes. See, e.g., Shenango Inc. v. Apfel, 307 F.3d 174, 193 (3d Cir.2002) (statutory deadline does not, by itself, establish that Congress intended to strip an agency's authority to act after the deadline has passed); Friends of Aquifer, Inc. v. Mineta, 150 F.Supp.2d 1297 (N.D.Fla.2001) (holding that group was not entitled to writ of mandamus, given that it was not clear that Congress intended deadlines for meeting the standards to be mandatory, even though the statute provided that the Secretary "shall" prescribe certain regulations not later than given deadlines); Bhd. of Ry. Carmen Div. v. Pena, 64 F.3d 702, 704 (D.C.Cir.1995); Canadian Fur Trappers Corp. v. United States, 12 Ct. Int'l Trade 612, 615, 691 F.Supp. 364, 367 (1988) (holding that a statutory time period is not mandatory unless it both expressly requires an agency or public official to act within a particular time period and specifies a consequence for failure to comply with the provisions), aff'd, 884 F.2d 563 (Fed.Cir.1989).