979 So.2d 912 (2008)
Sandra FROSTI, Petitioner,
v.
Laverne CREEL, etc., Respondent.
No. SC07-122.
Supreme Court of Florida.
March 20, 2008.
*913 William J. Capito, Lutz, FL, for Petitioner.
*914 Scot E. Samis, Jennifer J. Card, and Jeffrey M. Adams of Abbey, Adams, Byelick, Kiernan, Mueller and Lancaster, LLP, St. Petersburg, FL, for Respondent.
WELLS, J.
This case is before the Court for review of the decision of the Second District Court of Appeal in Frosti v. Creel, 943 So.2d 1023 (Fla. 2d DCA 2006). The district court certified that its decision is in direct conflict with the decision of the Fifth District Court of Appeal in Mills v. Martinez, 909 So.2d 340, 344 (Fla. 5th DCA 2005). The conflict issue is whether a motion for attorney fees and costs predicated upon a rejected proposal for settlement must be denied where the proposal was filed in the trial court prior to entry of judgment. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We hold that a motion for attorney fees and costs made pursuant to Florida's offer of judgment statute need not be denied because the underlying proposal for settlement was filed in the trial court before the judgment was entered.

FACTS AND PROCEEDINGS BELOW
On February 24, 2000, Sandra Frosti filed a complaint against William H. Houk, seeking damages from an automobile accident that occurred on or around February 27, 1996. On March 22, 2001, Frosti served on Houk a proposal for settlement in the amount of $17,999. On June 3, 2004, Frosti served a second proposal for settlement. This proposal specified that $1 was demanded to settle the punitive damages claim and that the $1 punitive damage offer was contingent upon acceptance of the total offer of $24,999 to settle all claims. Neither proposal was accepted. A jury trial was held August 9-12, 2004. On August 12, 2004, the jury returned a verdict in favor of Frosti, awarding $20,670.66 in compensatory damages and $73,800 in punitive damages, for a total verdict of $94,470.66.
On August 19, 2004, Frosti filed her proposals for settlement in the trial court. On September 13, 2004, she filed a motion for judgment in accordance with the jury verdict and a motion for attorney fees and costs. The motion for fees and costs argued that Frosti was entitled to attorney fees and costs pursuant to section 768.79, Florida Statutes (2001), and Florida Rule of Civil Procedure 1.442 because Houk had rejected her proposals for settlement.[1] On September 20, 2004, the trial court entered a judgment for Frosti in the amount of $94,470 and reserved jurisdiction to determine attorney fees and costs.
On December 10, 2004, Frosti filed a motion for relief from judgment because Frosti and her counsel were not informed of the trial courts judgment until November 30, 2004. Frosti also filed a motion for extension of time in which to file a motion for attorney fees and costs. On December 23, 2004, the trial court denied by an order Frostis motion for attorney fees. However, on March 22, 2005, the trial court granted Frostis motion for relief from judgment and vacated both its September judgment and its December order denying Frostis motion for attorney fees. On April 6, 2005, the trial court entered an amended judgment for Frosti in the amount of $94,470.66 and again reserved jurisdiction *915 to determine attorney fees and costs. On April 12, 2005, Frosti filed a renewed motion for attorney fees and costs, founded upon the rejected proposals for settlement.
On June 21, 2005, the trial court denied Frostis motion for attorney fees because it found that her proposals for settlement and her motion for attorney fees and costs were filed prematurely. Frosti v. Houk, No. 00-1365-CI-13 (Fla. 6th Cir. Ct. order dated June 21, 2005) (Order Denying Plaintiffs Motion for Fees). The trial court found, on the basis of the Second Districts decisions in Bottcher v. Walsh, 834 So.2d 183 (Fla. 2d DCA 2002), and Browning v. Scott, 884 So.2d 298 (Fla. 2d DCA 2004), that the proposals were filed prematurely. On the basis of the Second Districts decision in Lyn v. Lyn, 884 So.2d 181 (Fla. 2d DCA 2004), the trial court further found that the motion for fees and costs was filed prematurely.
Frosti appealed to the Second District the trial courts order denying her motion. The Second District affirmed the trial courts decision to deny the motion for attorney fees and costs because Frostis proposals for settlement were prematurely filed. Frosti, 943 So.2d at 1023-24.[2] The Second District relied on its decision in Bottcher, which held that a motion for attorney fees and costs pursuant to rule 1.442 and section 768.79 should be denied where the party seeking fees and costs prematurely filed its proposal for settlement. Bottcher, 834 So.2d at 185. The Second District certified conflict with Mills, in which the Fifth District held that the premature filing of a proposal for settlement was an "immaterial matter" that did not merit the denial of a motion for attorney fees and costs predicated upon the proposal for settlement. Mills, 909 So.2d at 344. The Second District did not comment on the timeliness of Frostis motion for attorney fees and costs.
Frosti now appeals the Second Districts decision to this Court, arguing that the Second District erred in denying on the basis of Bottcher her timely motion for attorney fees and costs. Creel contends that the Second District correctly denied Frosti's motion for attorney fees and costs because Frosti filed her proposals for settlement before judgment was entered. Creel also argues that Frosti is not entitled to attorney fees and costs because she did not obtain a judgment that meets the statutory threshold for an award. These are legal issues subject to de novo review. See Campbell v. Goldman, 959 So.2d 223, 225 (Fla.2007).

ANALYSIS
As for the certified conflict issue, Frosti is correct that neither rule 1.442 nor section 768.79 delineates a specific period within which to file a proposal for settlement. Florida Rule of Civil Procedure 1.442(d) provides that a "proposal shall be served on the party or parties to whom it is made but shall not be filed unless necessary to enforce the provisions of this rule." Section 768.79(3), Florida Statutes (2001), provides that the "offer shall be served upon the party to whom it is made, but it shall not be filed unless it is accepted or unless filing is necessary to enforce the provisions of this section." No decision from this Court or a district court of appeal has defined "necessary to enforce" as it is used in rule 1.442 or section 768.79. In Bottcher and Mills, the district courts found that it was "undisputed" that the proposals for settlement were prematurely filed and therefore did not reach the issue of when the proposals should have been *916 filed. Bottcher, 834 So.2d at 185; Mills, 909 So.2d at 343; see also Browning, 884 So.2d at 298 (reversing award of attorney fees where moving party "admitted below and on appeal" that his proposal for settlement was filed prematurely).
After reviewing rule 1.442 and section 768.79, we find no basis to deny a party's motion for attorney fees and costs because the underlying proposal for settlement was filed before judgment was entered. Neither the rule nor the statute states that a proposal for settlement may not be filed prior to judgment or unambiguously defines when a proposal for settlement should be filed. Any grievance with the timing of the filing of a proposal for settlement can be addressed by filing a motion to strike, and the proper remedy where a court finds that a proposal is filed unnecessarily is to strike the proposal from the record, with leave to refile the proposal if and when it becomes necessary to enforce an entitlement to attorney fees and costs.
Based on the foregoing, we hold that the trial court erred in denying Frosti's motion for attorney fees and costs on the basis that she prematurely filed her proposals for settlement. We further hold that the trial court erred in denying Frosti's motion for attorney fees and costs on the basis that her motion was premature. This Court recently held that the version of Florida Rule of Civil Procedure 1.525 that was in effect when Frosti filed her motions for attorney fees and costs in 2004 and 2005 did not create a thirty-day window following the filing of the judgment within which to serve a motion for attorney fees and costs. Rather, the rule established an outside deadline of thirty days after the filing of the judgment for service of motions for attorney fees and costs. See Barco v. Sch. Bd. of Pinellas County, 975 So.2d 1116, 1119 (Fla.2008). Thus, Frosti's September 13, 2004, original motion for attorney fees and costs and her April 12, 2005, renewed motion were both timely.
Because we hold that Frosti is not precluded from recovering attorney fees and costs due to the timing of the filing of her proposals for settlement or of her motions for attorney fees, it is necessary to consider whether she obtained a judgment sufficient to merit an award of attorney fees and costs. Creel argues that Frosti is not entitled to an award of fees and costs pursuant to section 768.79 because the portion of her judgment attributable to compensatory damages is not twenty-five percent greater than either of her offers to settle the compensatory damages claim. We find no merit in Creel's argument.
Section 768.79(6), Florida Statutes (2001), provides that a plaintiff shall be awarded reasonable attorney fees and costs where the plaintiff serves a proposal for settlement which is not accepted by the defendant and obtains a judgment that is at least twenty-five percent greater than the amount of the offer to settle. The statute defines "judgment obtained" as "the amount of the net judgment entered." § 768.79(6)(b), Fla. Stat. (2001). Case law has emphasized that a party's entitlement to fees turns on the total judgment obtained and that "[t]he `judgment obtained' should not be equated with the jury's verdict." Anderson v. King, 817 So.2d 1102, 1104 (Fla. 2d DCA 2002) (citing White v. Steak & Ale of Fla., Inc., 816 So.2d 546, 550 (Fla.2002)). In the instant case, the jury returned a verdict that differentiated between compensatory and punitive damages. The judgment recited these individual awards but then stated that the total recovery of $94,470.66 shall bear interest commencing on August 12, 2004. The net judgment entered is the total award of *917 $94,470.66, which far exceeds 125% of the amount offered in either of Frosti's proposals for settlement. Frosti has satisfied the statutory requirements and is entitled to reasonable attorney fees and costs. The right to attorney fees pursuant to section 768.79 applies to fees incurred on appeal. Disney v. Vaughen, 804 So.2d 581, 583 (Fla. 5th DCA 2002); Westfield Ins. Co. v. Mendolera, 647 So.2d 223, 224 (Fla. 2d DCA 1994).

CONCLUSION
For the reasons stated in this opinion, we quash the Second District's decision that affirmed the trial court's denial of Frosti's motion for attorney fees and costs. We hold that a motion for attorney fees and costs predicated upon a valid, rejected proposal for settlement need not be denied because the proposal was filed with the trial court before judgment was entered. We remand this case to the district court and direct that this case be remanded to the trial court for a determination of reasonable attorney fees and costs incurred by Frosti through this appeal. We approve the Fifth District's decision in Mills on the issue of the premature filing of the proposal for settlement.
It is so ordered.
LEWIS, C.J., and ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] Section 768.79(1), Florida Statutes (2001), provides that in any civil action for damages "[i]f a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorneys fees incurred from the date of the filing of the demand." Florida Rule of Civil Procedure 1.442 ("Proposals for Settlement") codifies the procedural aspects of section 768.79.
[2] Houk died while this case was pending in the Second District. LaVerne Creel, the personal representative of his estate, became the named party.