ON MOTION TO DISMISS

LAGOA, J.
Appellees, Hola Networks Corporation and Hispanic Network Group, LLC, (collectively “Appellees”) move to dismiss the appeal filed by Appellants, Kling Corporation, Anthony Kling, and Santiago A. Cue-to, Esq., (collectively “Appellants”). Ap-pellees contend that the orders on appeal are non-final orders and that this Court, therefore, lacks jurisdiction to entertain this appeal. We agree.
Appellants appeal from a June 19, 2013 Order granting Appellees’ Motion for Sanctions (the “Order”), and from a June 19, 2013 Order denying Appellants’ Motion for Rehearing. The Orders at issue expressly state that the amount of fees to be awarded would be determined at a later date.
An order that merely finds entitlement to attorney’s fees but does not set an amount is a non-final, non-appealable order. See Alexopoulos v. Gordon Hargrove & James, P.A., 109 So.3d 248, 250 (Fla. 4th DCA 2013); Mills v. Martinez, 909 So.2d 340, 342 (Fla. 5th DCA 2005) (“An award of attorneys’ fees does not become final, and, therefore, appealable until the amount is set by the trial court.”); Chaiken v. Suchman, 694 So.2d 115, 117 (Fla. 3d DCA 1997) (stating that an order awarding entitlement to attorney’s fees does not become final until the amount of the fee is set). Nor is such an order one of the enumerated appealable non-final orders set forth in Florida Rule of Appellate Procedure 9.130. See Fla. RApp. P. 9.130(a)(3).
Because the Orders on appeal do not set the amount of the award, but only find an entitlement to fees, we grant the Appel-lees’ motion and dismiss the appeal for lack of jurisdiction.
Motion granted; appeal dismissed.