# Third District Court of Appeal

## State of Florida

Opinion filed December 10, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2877
Lower Tribunal No. 09-61914
_____


**The Quin Group, Inc., etc.,**
Appellant,

vs.

**2020 Ponce, LLC, etc.**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Beck & Lee Trial Lawyers and Elizabeth Lee Beck and Jared H. Beck, for appellant.

Phillips, Cantor, Shalek, Rubin & Pfister and Gary S. Phillips and Edward J. Pfister (Hollywood); Blaik P. Ross, for appellee.


Before SALTER, FERNANDEZ and LOGUE, JJ.

SALTER, J.

In this circuit court case involving a contract for the purchase of an office condominium unit from a developer (2020 Ponce), the purchaser (The Quin Group) subpoenaed the general contractor (Beauchamp Construction Co., a non-party) to produce various records. The contractor filed objections that included a request for the reimbursement of the contractor's general counsel at $150 an hour to remove or identify privileged documents in the estimated 35 boxes of construction documents.

The trial court instead authorized "costs" at $40 per hour for an "employee" of Beauchamp to "use good faith in reviewing documents and limiting time needed to review said documents." Part of the handwritten order (and it is unclear who may have done the writing) stated "The purpose of reviewing the documents is to review for privilege issues prior to production." Based on the inclusion of that sentence in the order, The Quin Group maintains that any award to Beauchamp for such a review would be an award of attorney's fees, not costs, prohibited under the applicable rules and such cases as <u>Attorney's Title Insurance Fund, Inc. v. Landa-Posada</u>, 984 So. 2d 641 (Fla. 3d DCA 2008).

Neither the order for reimbursement of costs for the review and production of documents nor a subsequent order denying The Quin Group's motion for reconsideration and rehearing fixed an amount to be awarded. At oral argument,

2

counsel for The Quin Group argued that the parties had estimated that the task might take ten hours, so that the amount in controversy was essentially agreed.

Although we are tempted to "secure the just, speedy, and inexpensive determination,"[1] of this $400.00 dispute in a prompt and decisive fashion, our limited jurisdiction precludes us from doing so. The orders before us are not final because the amount of any award of costs has not been determined. See Kling Corp. v. Hola Networks Corp., 127 So. 3d 833 (Fla. 3d DCA 2013). Nor do we find any other basis for jurisdiction.

Because this record reflects that the Beauchamp employee performing the document review and production is a non-lawyer, it seems unlikely that the final invoice for costs remitted to The Quin Group by Beauchamp will include attorney's fees. But if the invoice does include such time or charges, The Quin Group will have an opportunity to raise its objections and to appeal from any resulting final order.

Appeal dismissed for lack of jurisdiction.

---

[1] Fla. R. Civ. P. 1.010.

3