# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2330
_____

PALMENTERE BROS. CARTAGE
SERVICE, INC., RANDY JONES,
and CHEROKEE INSURANCE
COMPANY,

    Appellants,

    v.

HEATHER COPELAND and
PHILLIP COPELAND, her
husband,

    Appellees.

_____

On appeal from the Circuit Court for Duval County.
Thomas M. Beverly, Judge.

July 29, 2019

PER CURIAM.

On September 21, 2010, a tractor-trailer truck owned by Palmentere Brothers Cartage Service, Inc., and operated by its employee, Randy Jones ("Appellants" or "PBCS"), collided with a vehicle being driven by Heather Copeland. Copeland successfully sued for damages. Appellants now raise five points urging reversal of the verdict and post-verdict rulings by the trial court. We affirm, except as to the order finding entitlement to section 768.79-based fees and expenses.

## I.

Prior to trial, Copeland served PBCS with a proposal for settlement in the amount of $345,000 pursuant to section 768.79, Florida Statutes (2010), and Florida Rule of Civil Procedure 1.442. In paragraph 2, the proposal stated:

> This proposal is attempting to resolve Plaintiff's claim against Defendant PALMENTERE BROS. CARTAGE SERVICE, INC. and, if accepted, resolves all damages that would otherwise be awarded in a final judgment in the action as to PALMENTERE BROS. CARTAGE SERVICE, INC. only.

Two additional documents were served with the proposal—one entitled "Release of Claims" and the other, "Voluntary Dismissal with Prejudice." In paragraph 3 of the proposal, Copeland promised that in exchange for the above payment, she would execute the "Release of Claims" against PBCS, and file the "Voluntary Dismissal with Prejudice" as to all claims against PBCS. Then, in paragraph 5, the proposal stated: "There are no claims for punitive damages in the case and none of the proposed settlement amount is for punitive damages." The "Release of Claims" provided that Copeland "releases and forever discharges [PBCS], from all claims and causes of action which [Copeland] ever had or now has against [PBCS], arising out of the accident of which is the subject of the above styled case." In its turn, the "Voluntary Dismissal with Prejudice" stated: "[T]he above-styled cause is dismissed, with prejudice as to only [PBCS]."

PBCS rejected the proposal and successfully moved for a continuance of the approaching trial. In the interim, Copeland filed a Fourth Amended Complaint that asserted, for the first time, a claim for punitive damages against PBCS. The jury returned a verdict awarding Heather Copeland $400,000 in compensatory damages—reduced by ten percent based on comparative fault—but zero damages in favor of her husband, Phillip Copeland, on his loss of consortium claim. Additionally, the jury found PBCS individually liable for $1 million in punitive damages.

Post-verdict, Copeland filed her "Motion for Taxation of Attorney's Fees and Investigation Expenses" predicated on the

unaccepted proposal for settlement. Two hearings were held on the motion during which the trial court heard lengthy legal argument as to whether PBCS "beat" the proposal for settlement because, given the reduction in the compensatory damages due to her ten percent comparative fault, Copeland only recovered $360,000—clearly not twenty-five percent more than the amount of the offer—and because Copeland had disclaimed punitive damages in her proposal—which disclaimer, according to PBCS, rendered the proposal for settlement ambiguous. The judge was not persuaded. In its ensuing order, the court announced that given the award of punitive damages, Copeland had recovered $1,360,000, an amount "significantly more tha[n] 25% greater than her proposal for settlement of $345,000." Accordingly, it found Copeland was entitled to recover her attorney's fees and investigative costs pursuant to section 768.79(1) and (6)(b), Florida Statutes.

## II.

Appellants' first point on appeal challenges the trial court's order granting Copeland's entitlement to fees and costs pursuant to the rejected proposal for settlement. Appellants assert that the proposal was unenforceable because it was ambiguous and not made in good faith, as evidenced by its statement that no punitive damages were being claimed. Appellants argue they were denied a fair opportunity to ponder the potential impact of punitive damages to their case in evaluating whether to accept the proposal, when the proposal expressly advised that no punitive damages were being claimed, yet on the heels of their rejection of the proposal, Appellants amended their complaint to add a claim for punitive damages. Essentially, Appellants have cried "foul" on what they believe to be an improper end run around the rules governing proposals for settlement.

Section 768.79(2), Florida Statutes, provides the substantive law concerning proposals for settlement and states in relevant part that an "offer [of settlement] must . . . (c) State with particularity the amount offered to settle a claim for punitive damages, if any [and] (d) State its total amount." Subsection (2) further provides that "[t]he offer shall be construed as including all damages which may be awarded in a final judgment," and goes on to state in subsection (6)(b): "If a plaintiff serves an offer which is not

3

accepted by the defendant, and if the judgment obtained by the plaintiff is at least 25 percent more than the amount of the offer, the plaintiff shall be awarded reasonable costs, including investigative expenses, and attorney's fees . . . ." Subsection (6) continues: "For purposes of the determination required by paragraph (b), the term 'judgment obtained' means the amount of the net judgment entered, plus any post-offer settlement amounts by which the verdict was reduced." Section 768.79 "creates an entitlement to attorneys' fees when the statutory and procedural requirements have been satisfied," and "[t]he mandatory language of section 768.79 reinforces the notion that a proper offer *automatically* creates that entitlement, unless the offer is made in bad faith." *Anderson v. Hilton Hotels Corp.*, 202 So. 3d 846, 856 (Fla. 2016).

We accord proposals for settlement de novo review. *Starboard Cruise Servs., Inc. v. DePrince*, 259 So. 3d 295, 298 (Fla. 3d DCA 2018). Florida Rule of Civil Procedure 1.442, entitled "Proposals for Settlement," provides the procedural mechanism for section 768.79. Paragraph (h)(1) of the rule declares: "If a party is entitled to costs and fees pursuant to applicable Florida law, the court may, in its discretion, determine that a proposal was not made in good faith. In such case, the court may disallow an award of costs and attorneys' fees." Rule 1.442 "requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification." *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1079 (Fla. 2006). "When construing the language of section 768.79 and rule 1.442, the law is clear: both provisions must be strictly construed because they are in derogation of the common law rule that each party is responsible for its own attorney's fees." *Id.* (citing *Campbell v. Goldman*, 959 So. 2d 223, 226 (Fla. 2007)).

Appellants cannot be sanctioned under section 768.79 and rule 1.442, based on the substantial punitive damages verdict here, because Copeland explicitly disclaimed punitive damages in her only settlement proposal. When Copeland made her section 768.79-based offer of judgment for $345,000 in April 2014, she hadn't yet added a punitive damages claim to her complaint. As to punitive damages, her settlement proposal stated: "There are no claims for punitive damages in the case and none of the proposed

settlement amount is for punitive damages." Appellants then rejected the proposal.

Three weeks after the statutory deadline for accepting the proposal passed, Copeland added a punitive damages claim against PBCS. The new complaint described all of the ways in which PBCS had "blindly and illegally hired and employed [the] . . . professional truck driver," in "conscious and willful" disregard for the law and "reckless and willful disregard for the safety of the travelling public." But after adding this claim, Copeland did not make a settlement offer that included punitive damages. *See* § 768.79(3), Fla. Stat. (allowing subsequent offers and requiring that they address punitive damages); *Frosti v. Creel*, 979 So. 2d 912 (Fla. 2008) (involving a second proposal with a punitive damages-specific offer).

Copeland's post-verdict motion for section 768.79-based sanctions rested on having the court compare the $1,360,000 final judgment amount, inclusive of punitive damages, against her offer of judgment that disclaimed punitive damages. But this apples-to-oranges comparison of judgment amounts isn't permitted because the offer came and went before punitive damages were part of the case. Appellants correctly argue that offers of judgment must be evaluated as of the time of the offer: "[A]ny offer of settlement shall be construed to include all damages, attorney fees, taxable costs, and prejudgment interest which would be included in a final judgment if the final judgment was entered *on the date of the offer of settlement*." *White v. Steak & Ale of Fla., Inc.*, 816 So. 2d 546, 550-51 (Fla. 2002) (emphasis added) (quoting *Danis Industries Corp. v. Ground Improvement Techniques, Inc.*, 645 So. 2d 420, 421-22 (Fla. 1994)); *see also* § 768.79(2), Fla. Stat. ("The offer shall be construed as including all damages which may be awarded in a final judgment."). Because punitive damages were not part of the case on the date of the offer of settlement, the calculation of the "net judgment" and "judgment obtained" required in section 768.79(6)(b), could not include the amount of the punitive damages verdict. *Id.* at 551 ("[T]he 'judgment obtained' . . . includes the net judgment for damages . . . that could have been included in a final judgment if such final judgment was entered on the date of the offer.").

Other cases addressing section 768.79-based sanctions support this conclusion. *Sarkis v. Allstate Ins. Co.*, 863 So. 2d 210, 222 (Fla. 2003) (recognizing that attorney's fees authorized by section 768.79 are a sanction "for the refusal to accept what is presumed to be a reasonable offer [and] for unnecessarily continuing the litigation"). Because section 768.79 involves a sanction, settlement proposals must be "as specific as possible, leaving no ambiguities so that the recipient can fully evaluate its terms and conditions." *Nichols*, 932 So. 2d at 1079. According to *Nichols*, if an ambiguity could reasonably affect the offeree's decision on whether to accept the proposal for settlement, then the offer is invalid. *Id.* For offers to qualify under the statute, they must "[s]tate with particularity the amount offered to settle a claim for punitive damages, if any." § 768.79(2)(c), Fla. Stat. For Copeland's case, this meant that she could not both direct Appellants away from evaluating punitive damages by disclaiming them in her settlement offer, and also have Appellants sanctioned based upon her recovery of punitive damages.

In *Kuhajda v. Borden Dairy Co. of Alabama, LLC*, 202 So. 3d 391 (Fla. 2016), a party didn't address attorney's fees in an offer of judgment as required by rule 1.442. The court nevertheless allowed a section 768.79-based recovery "because Kuhajda never sought attorney's fees in her complaint." *Id.* at 396. *See also id.* (noting that "[i]t would make no sense to require a defendant to state in its offer of judgment that the offer does not include attorney's fees, when plaintiff . . . could not recover them because of failure to plead") (quoting *Bennett v. Am. Learning Sys. of Boca Delray, Inc.*, 857 So. 2d 986, 988-89 (Fla. 4th DCA 2003)). The analysis in *Kuhajda* implies that the Court wouldn't have allowed a section 768.79-based recovery had the offeror both failed to address attorney's fees in her offer and sought to recover them. Here, unlike *Kuhajda*, it isn't true that Copeland "never sought" punitive damages, or that she "could not recover them"; indeed, Copeland both sought and recovered punitive damages. Because section 768.79(2)(c) requires parties to "state with particularity the amount offered to settle a claim for punitive damages," Copeland could not both disclaim them in her only settlement offer, then seek them and have Appellants sanctioned based upon them. *See R.J. Reynolds Tobacco v. Ward*, 141 So. 3d 236, 237 (Fla. 1st DCA 2014) (reversing a section 768.79 award because the offers of

6

judgment did not "state with particularity the amount offered to settle a claim for punitive damages"); *cf. Segundo v. Reid*, 20 So. 3d 933, 938 (Fla. 3d DCA 2009) (denying section 768.79 fees and costs because the plaintiff's offer would have penalized the defendant for damages not pled until after the offer was rejected).

Finally, we don't read *Frosti v. Creel*, relied on by Copeland, to contribute significantly to the analysis. 979 So. 2d 912. In that case, Ms. Frosti served two valid settlement proposals of about $18,000 and $24,000. *Id.* at 914. At least one of these offers included an amount for punitive damages (the facts aren't clear about the other offer). *Id.* After the jury rendered a total verdict of $94,471.66, $20,670.66 in compensatory damages and $73,800 in punitive damages, the defendant argued. among other things, that the punitive damages amount shouldn't be part of the calculation for purposes of determining section 768.79 sanctions. *Id.* at 916-17. But the court upheld Ms. Frosti's award of section 768.79-based fees and costs because her motion was "predicated upon a valid, rejected proposal for settlement." *Id.* at 917. Here, unlike in *Frosti*, there was never a valid, rejected offer that included punitive damages; Copeland's only proposal stated that "none of the proposed settlement amount is for punitive damages." Under these different circumstances, where no punitive damages offer was ever made, the punitive damages verdict amount could not be included in the trial court's calculation of the "judgment obtained."

## III.

For these reasons, the judgment is AFFIRMED in part, REVERSED in part, and REMANDED for additional proceedings consistent with this opinion.

WOLF and OSTERHAUS, JJ., concur; JAY, J., concurs and dissents in part with opinion.

7

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---

JAY, J., concurring in part, dissenting in part.

If we were painting on a blank canvas, the majority opinion would have merit. However, the Florida Supreme Court's decision in *Frosti v. Creel* controls the resolution of the proposal of settlement issue. Accordingly, I respectfully dissent.

In *Frosti*, the plaintiff filed a complaint against the defendant seeking damages from an automobile accident. A year later, the plaintiff served a proposal for settlement in the amount of $17,999. Three years after that, she served a second proposal specifying "that $1 was demanded to settle the punitive damages claim and that the $1 punitive damage offer was contingent upon acceptance of the total offer of $24,999 to settle all claims." *Id.* at 914. Neither proposal was accepted and, following trial, the jury returned a verdict in favor of the plaintiff—awarding $20,670.66 in compensatory damages and $73,800 in punitive damages—for a total verdict of $94,470.66. Following entry of the verdict, the plaintiff filed *both* proposals for settlement in the trial court, and then filed a motion for judgment in accordance with the verdict and a motion for attorney's fees and costs. Ultimately, the trial court denied the plaintiff's motion for fees, accepting the defendant's argument that the proposals of settlement and the motion for fees were filed prematurely. *Id.* at 915.

After rejecting the prematurity argument, the Florida Supreme Court addressed the defendant's second argument, that the plaintiff did not obtain a judgment sufficiently large to merit an award of fees and costs because the portion of her judgment attributable to compensatory damages was not "twenty-five percent greater than *either* of her offers to settle the compensatory damages claim." *Id.* (emphasis added). The supreme court rejected this argument. *Id.*

8

Emphasizing the well-established rule that "a party's entitlement to fees turns on the total judgment obtained," *id.*, and because the total award "far exceed[ed]" one hundred twenty-five percent "of the amount offered *in either*" of the plaintiff's proposals for settlement, *id.* at 917*,* the supreme court held that the plaintiff had satisfied the statutory requirement and was entitled to attorney's fees and costs. Significantly, the supreme court made no distinction between the first proposal for settlement—which did not seek punitive damages—and the second proposal—which sought a nominal amount of punitive damages. *Either* proposal was adequate to entitle the plaintiff to fees and costs.

Because *Frosti* controls the disposition of the section 768.79 question, Copeland was entitled to recover her attorney's fees and costs pursuant to her proposal of settlement. Therefore, I would affirm the trial court's order finding entitlement to section 768.79 fees.

_____

E. T. Fernandez, III and Austin Brown of Fernandez Trial Lawyers, P.A., Jacksonville, for Appellants.

Kansas R. Gooden of Boyd & Jenerette, PA, Jacksonville; Robert M. Klein and Andrew M. Feldman of Klein Glasser Park & Lowe, P.L., Miami, for Florida Defense Lawyers Association, Amicus Curiae in support of Appellants Palmentere Bros. Cartage Service, Inc. and Cherokee Insurance Company.

Benjamin E. Richard, Curry Gary Pajcic, and William A. Bald of Pajcic & Pajcic, P.A., Jacksonville, for Appellee Heather Copeland.

Philip M. Burlington and Adam Richardson of Burlington & Rockenbach, P.A., West Palm Beach, for Florida Justice Association, Amicus Curiae in support of Appellees Heather Copeland and Phillip Copeland.