# Third District Court of Appeal

## State of Florida

Opinion filed March 31, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0106
Lower Tribunal No. 18-CA-1271-K
_____

**Harry Barnett,**
Appellant,

vs.

**Linda Simonet, et al.,**
Appellees.

An Appeal from the Circuit Court for Monroe County, James M. Barton, II, Senior Judge and Timothy J. Koenig, Judge.

Harry Barnett, in proper person.

Kubicki Draper and Sharon C. Degnan (Orlando) for appellees Linda Simonet, Florida Keys Veterinary Relief, d/b/a Key West Vets and Pets and Dr. Thomas Householder.

Before EMAS, GORDO and GOODEN, JJ.

GORDO, J.

Harry Barnett ("Appellant") appeals from a final order denying his motion for costs in favor of Linda Simonet, Florida Keys Veterinary Relief d/b/a Key West Vets and Pets, and Dr. Thomas Householder ("Appellees"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Because the Appellant was not the prevailing party against the Appellees in the underlying action, he was not entitled to costs under section 57.041, Florida Statutes. Thus, we affirm the challenged order. See § 57.041, Fla. Stat. ("The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment[.]"); Arellano v. Bisson, 761 So. 2d 365, 366 (Fla. 3d DCA 2000) ("Under the language of section 57.041, a prevailing party's entitlement to costs is conditioned solely on recovering a judgment."); Anderson v. King, 817 So. 2d 1102, 1103 (Fla. 2d DCA 2002) ("The court [] determined that Anderson was not entitled to costs under section 57.041 because he was not the party recovering judgment."); Pawley v. Fla. Dep't of Corr., 303 So. 3d 249, 250 (Fla. 1st DCA 2020) ("[Appellant] was not the prevailing party and therefore not entitled to costs under section 57.041, Florida Statutes.").

The Appellant also challenges an order granting the motion for entitlement to attorney's fees and costs in favor of the Appellees. Because an order granting entitlement to attorney's fees without determining the

2

amount of fees or costs is a non-final and non-appealable order, we dismiss that portion of the appeal for lack of jurisdiction.  See Mills v. Martinez, 909 So. 2d 340, 342 (Fla. 5th DCA 2005) ("An award of attorneys' fees does not become final, and, therefore, appealable until the amount is set by the trial court."); Yampol v. Turnberry Isle S. Condo. Ass'n, Inc., 250 So. 3d 835, 837 (Fla. 3d DCA 2018) ("An order granting entitlement to attorney's fees but not determining the amount of fees or costs is a non-final, non-appealable order, and such an order is subject to dismissal for lack of jurisdiction."); Kling Corp. v. Hola Networks Corp., 127 So. 3d 833, 833 (Fla. 3d DCA 2013) ("An order that merely finds entitlement to attorney's fees but does not set an amount is a non-final, non-appealable order. . . . Because the Order[] on appeal do[es] not set the amount of the award, but only find[s] an entitlement to fees, we . . . dismiss the appeal for lack of jurisdiction.").

Affirmed in part; dismissed in part.