655 So.2d 240 (1995)
DELEUW, CATHER & COMPANY, Appellant,
v.
Debra GROGIS, As Personal Representative of the Estate of Mary Schofield, Appellee.
No. 94-1658.
District Court of Appeal of Florida, Fourth District.
June 7, 1995.
Jeffrey D. Keiner and Kevin P. Kelly of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for appellant.
Reed Stewart Tolber of Reed, Stewart, Tolber, P.A., Ft. Lauderdale, for appellee.
KLEIN, Judge.
Plaintiff sued six different defendants in a wrongful death action; however, she settled with five at various points in the litigation, ultimately obtaining a judgment for damages against appellant in the amount of $25,000. Plaintiff moved to tax costs of $34,181 against appellant, and the court allowed $21,568 of those costs. Appellant argues on this appeal that because the jury found appellant 10% at fault, appellant should only be liable for 10% of plaintiff's costs. We affirm.
Appellant does not argue that plaintiff did not incur these costs in proving her case, but rather that there should be a hard and fast rule that costs are assessed in the same percentage as fault, because that would be consistent with section 768.81, Florida Statutes (1993), which partially abrogated joint and several liability.
We cannot agree with appellant, since section 768.81 pertains to damages, not costs. Costs are provided for in chapter 57. Nor do we think the rule advocated by appellant makes any sense, since the amount of costs a plaintiff incurs against multiple defendants is not proportionate to the fault which a jury may assess against those defendants.
In the present case, for example, one of the defendants was a driver who ran a red light and was found 80% at fault. Although appellant has not provided a record from which it could be determined what costs were incurred by plaintiff in proving her case against specific defendants, it could well be the case that little or no costs were necessary to establish the negligence of the defendant who ran the red light. Appellant, on the other hand, was a construction engineering firm involved in constructing this intersection at the time of the accident, and plaintiff's *241 costs to establish liability against appellant may well have been substantial, notwithstanding appellant was only found to be 10% at fault.
Appellant's proposed rule would not only be unfair, but would also be incompatible with the well-established principle that the taxation of costs is "traditionally within the discretion of the trial court." del Real v. Dawson, 320 So.2d 20 (Fla. 4th DCA 1975).
Affirmed.
GLICKSTEIN and WARNER, JJ., concur.