664 So.2d 989 (1995)
DELEUW, CATHER & COMPANY, Appellant,
v.
Debra GROGIS, as Personal Representative of the Estate of Mary Schofield, Appellee.
No. 94-1658.
District Court of Appeal of Florida, Fourth District.
September 20, 1995.
Jeffrey D. Keiner and Kevin P. Kelly of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for appellant.
Reed Stewart Tolber of Reed, Stewart, Tolber, P.A., Ft. Lauderdale, for appellee.

ON MOTION TO STRIKE
KLEIN, Judge.
In Deleuw, Cather & Co. v. Grogis, 655 So.2d 240 (Fla. 4th DCA 1995), we issued our opinion affirming the trial court's judgment taxing costs in the amount of $21,568. Thereafter, appellee moved for attorney's fees and costs on the basis of an offer of judgment served by appellee during the pendency of the appeal. Appellant responded with a motion to strike.
Section 768.79, Florida Statutes (1993), under which this offer was made, does not contain any language which would indicate that the legislature contemplated its use during appeals. For example, the statute authorizes plaintiffs and defendants, but not appellants or appellees, to utilize its provisions. See Fla.R.App.P. 9.020(f) (Definition of parties).
In addition, section 768.79 only applies to actions for "damages," which Black's Law Dictionary, revised 4th edition, defines as:
A pecuniary compensation or indemnity, which may be recovered in the courts by a person who has suffered loss, detriment, or injury, whether to his person, property, or rights, through the unlawful act or omission or negligence of another.
Unlike damages, costs are not part of the claim which forms the basis of a suit. Chipola Nurseries, Inc. v. Division of Admin., 335 So.2d 617 (Fla. 1st DCA 1976). Since this proceeding only involves the correctness of the amount of costs taxed by the trial court, section 768.79 is inapplicable.
We therefore grant appellant's motion to strike the offer of judgment and the motions pertaining thereto.
GLICKSTEIN and WARNER, JJ., concur.