774 So.2d 28 (2000)
Ricardo CAMEJO, Appellant,
v.
Jewell A. SMITH and Hillsborough Transit Authority, Appellees.
No. 2D99-2280.
District Court of Appeal of Florida, Second District.
September 15, 2000.
Rehearing Denied October 25, 2000.
Charles Tyler Cone of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for Appellant.
John W. Boult of Barr, Murman, Tonelli, Herzfeld & Rubin, Tampa, for Appellees.
FULMER, Acting Chief Judge.
Ricardo Camejo appeals an order denying his motion for attorney's fees and costs. Camejo's motion for fees and costs was based upon a $100 offer of judgment he served upon the Hillsborough Transit Authority (Hartline) pursuant to section 768.79, Florida Statutes (1997), and Florida Rule of Civil Procedure 1.442. We reverse because the trial court made no finding that the offer was not made in good faith and there is no evidence in the record to support such a finding. Moreover, there is evidence to support a conclusion that there was a reasonable foundation for Camejo's belief that he had no liability.
Camejo's offer of judgment arose from a personal injury action Jewell Smith filed against Hartline and Camejo. In her complaint, Smith alleged that she suffered injuries as a result of an accident involving Camejo's vehicle and a Hartline bus on which she was a passenger. Hartline answered Smith's complaint and asserted cross-claims against Camejo. In the cross-claim, Hartline sought contribution for Smith's claims and recovery for damages to the bus. Camejo denied liability.
*29 Depositions were taken of Smith, Camejo, the driver of the bus involved in the accident and Camejo's wife. The first three deponents testified that the bus turned left in front of Camejo's oncoming car. Camejo's wife confirmed that Camejo had given her the same account of the accident. Thereafter, Camejo served on Hartline an offer of judgment for $100. Hartline never accepted Camejo's offer, and the case proceeded to jury trial on the issue of liability. The jury returned a verdict of no liability, finding that neither Camejo nor Hartline negligently caused the accident. The trial court entered judgments in favor of Hartline and Camejo.
Following the entry of the judgments, Camejo filed a motion to tax attorney's fees and costs against Hartline pursuant to his offer of judgment. At the hearing on his motion, counsel for Camejo argued to the trial court that the offer was made in good faith. In support of that argument counsel represented to the trial court that the offer was based on counsel's assessment of the depositions of the principal fact witnesses that Camejo was not liable for the accident. Hartline essentially argued that the nominal offer was not made in good faith. The trial court denied Camejo's motion without stating the grounds for its ruling.
Pursuant to section 768.79(1), a defendant is entitled to an award of reasonable costs and attorney's fees if the defendant's offer of judgment is not accepted and if the judgment ultimately obtained is one of no liability or is at least twenty-five percent less than the offer. See Donohoe v. Starmed Staffing, Inc., 743 So.2d 623 (Fla. 2d DCA 1999). Once entitlement is established, a trial court may, in its discretion, disallow an award of fees and costs if it determines that the proposal was not made in good faith. See id.; T.G.I. Friday's, Inc. v. Dvorak, 663 So.2d 606 (Fla.1995). The burden is on the offeree to prove the absence of good faith. See Donohoe, 743 So.2d at 623. The determination of whether an offer was served in good faith turns entirely on whether the offeror had a reasonable foundation upon which to make the offer. See Wagner v. Brandeberry, 761 So.2d 443, 445 (Fla. 2d DCA 2000) ("The question of whether a proposal was served in good faith turns entirely on whether the offeror had a reasonable foundation upon which to make his offer and made it with the intent to settle the claim against the offeree should the offer be accepted."); Donohoe, 743 So.2d at 623 ("The obligation of good faith insists that the offeror have some reasonable foundation on which to base an offer.").
In this case, Camejo made his offer after the key witnesses had been deposed. At the hearing on the fees and costs, Camejo's counsel explained to the trial court that the offer was based on the deposition testimony of those witnesses, which led him to believe that Camejo was not liable. We conclude that there is nothing in the record upon which to base a finding that Camejo's proposal was not made in good faith and, therefore, the trial court abused its discretion in disallowing the award of fees and costs. See Donohoe. Accordingly, we reverse the trial court's order denying Camejo's motion for fees and costs and remand with directions to grant the motion.
Reversed.
NORTHCUTT and SALCINES, JJ., Concur.