771 So.2d 60 (2000)
Nelly GLANZBERG, Appellant,
v.
Fred H. KAUFFMAN, Iris H. Kauffman, and P.A. Lethbridge & Co., Appellees.
No. 4D98-4420.
District Court of Appeal of Florida, Fourth District.
October 18, 2000.
Rehearing Denied December 1, 2000.
Dan Cytryn of the Law Offices of Dan Cytryn, P.A., Tamarac, for appellant.
Kimberly L. Boldt and Elizabeth K. Russo of Russo Appellate Firm, P.A., Miami, and Green & Ackerman, P.A., Fort Lauderdale, for appellees.

*61 ON MOTIONS FOR REHEARING

PER CURIAM.
Both Glanzberg and the Kauffmans move for rehearing. We deny the Kauffmans' motion, finding it to be without merit. With regard to Glanzberg's motion, she suggests this Court inadvertently neglected to reverse a post-decretal order awarding the Kauffmans costs and attorney's fees under section 768.79, Florida Statutes. We clarify, however, that implicit in this Court's reversal of the final judgment and remand for a new trial is that the attorney's fee and cost order is likewise reversed.
Glanzberg also asks this Court to reconsider its denial of her motion for appellate attorney's fees under section 768.79. We decline to do so because her offer of settlement under section 768.79 was untimely served.
Glanzberg served an offer of settlement, proposing settlement for $35,000, after final judgment was entered in all defendants' favor but before she filed her notice of appeal. She now seeks section 768.79 attorney's fees for this appeal. Section 768.79, however, should not be used purely as a mechanism to recover appellate attorney's fees. "The spirit of the offer of judgment statute is to encourage litigants to resolve cases early to avoid incurring substantial amounts of court costs and attorney's fees." Eagleman v. Eagleman, 673 So.2d 946, 947 (Fla. 4th DCA 1996). Moreover, section 768.79 "does not contain any language which would indicate that the legislature contemplated its use during appeals." Deleuw, Cather & Co. v. Grogis, 664 So.2d 989, 989 (Fla. 4th DCA 1995). "For example, the statute authorizes plaintiffs and defendants, but not appellants or appellees, to utilize its provisions." Id.
Although the offer of judgment in Grogis was served during the pendency of appeal while the offer of settlement in this case was served prior to filing the notice of appeal, this general principlethat section 768.79 was not intended to be used purely to gain attorney's feesstill applies because in both instances, the offer came after the trial had concluded. Litigants (particularly defendants) who file after the conclusion of trial have the benefit of knowing the jury's verdict, from which they can calculate the exact amount for which they must offer to settle in order to be entitled to attorney's fees under section 768.79 if they were to win on appeal. This might be a particularly appealing option for those litigants who do not otherwise have a substantive right to appellate attorney's fees.
There are circumstances in which appellate attorney's fees are properly awarded under section 768.79. For instance, here, assuming Glanzberg prevailed after remand and otherwise met the requirements of section 768.79, she could recover fees from the second trial and subsequent appeal, if any. Nothing in section 768.79, however, entitles her to fees on this appeal from the first trial. To rule otherwise would encourage litigants to serve offers of judgment or settlement after trial has concluded, which in turn would adulterate the spirit of section 768.79 by allowing it to become a mechanism for appellate attorney's fees.
The parties' motions for rehearing are denied.
DELL and GUNTHER, JJ., concur.
WARNER, C.J., concurs in part and dissents in part.
WARNER, C.J., concurring in part, dissenting in part.
I concur with the majority on rehearing on all but the denial of Glanzberg's motion for appellate attorney's fees under section 768.79. After judgment on the first trial, Glanzberg filed an offer of settlement. Such an offer is timely as to any judgment which might be entered after a second trial which we have now ordered. Therefore, she should be conditionally authorized to seek her appellate fees should she prevail *62 in the trial below and meet the requirements of section 768.79. I disagree that it would open the floodgates for attorney's fees on appeal. Such fees could be claimed only in situations where we reverse for a new trial.