804 So.2d 581 (2002)
DAVID E. DISNEY, P.A., et al., Petitioners,
v.
DANIEL R. VAUGHEN, P.A., et al., Respondents.
No. 5D01-2483.
District Court of Appeal of Florida, Fifth District.
January 18, 2002.
*582 F.A. Ford, Jr., of Landis, Graham, French, Husfeld, Sherman & Ford, P.A., DeLand, for Petitioner, David E. Disney.
Daniel R. Vaughen of Daniel R. Vaughen, P.A., DeLand, pro se.
PLEUS, J.
David Disney and his professional association ("Disney"), seek certiorari review of two orders which denied his motion for appellate attorney's fees and his motion for rehearing or reconsideration. Disney argues that the court departed from the essential requirements of law in denying him appellate fees. We agree, grant the petition, and quash the order which denied appellate attorney's fees.
Respondents, Daniel Vaughen and his professional association ("Vaughen"), filed a lawsuit in county court against Disney for attorneys fees and damages based on an alleged charging lien. Vaughen also claimed that Disney was negligent in failing to discover and honor that lien. Disney timely filed a proposal of settlement of the complaint for $100. After a trial, the county court ruled against Vaughen on all claims. Disney filed a motion for award of attorney's fees and costs in the trial court. That motion has not yet been decided.
Vaughen appealed the judgment entered against him to the circuit court. Disney filed a motion for appellate attorney's fees in the circuit court based in part on section 768.79, Florida Statutes. The circuit court *583 affirmed the county court's decision, but in a separate order, denied Disney's motion for attorney's fees without a hearing or explanation of its reasoning. Disney filed a motion for rehearing or reconsideration which the circuit court denied without a hearing.[1]
Under section 768.79, a defendant in any civil action for damages is entitled to reasonable costs and attorney's fees if the defendant's offer of judgment is not accepted and if the judgment is for no liability or is at least 25% less than the offer. See section 768.79, Florida Statutes (1999); Camejo v. Smith, 774 So.2d 28 (Fla. 2d DCA 2000). We have previously held that because an appeal is but part of the action being appealed, a defendants right to attorney's fees under section 768.79, Florida Statutes applies to fees incurred on appeal. See Williams v. Brochu, 578 So.2d 491 (Fla. 5th DCA 1991).[2]
Once a defendant shows entitlement to costs and attorney's fees, the offeree has the burden to show that the offer was not made in good faith. Camejo at 29. The determination of whether an offer was served in good faith "turns entirely on whether the offeror had a reasonable foundation upon which to make the offer." Id. In the instant case, Disney filed a timely offer of judgment which Vaughen rejected. Disney then obtained a judgment of no liability. After Vaughen appealed, Disney filed a motion for attorney's fees based in part on section 768.79. At this point, the burden shifted to Vaughen to prove that the offer was not made in good faith. However, the circuit court summarily denied Disney's motion without giving any reason and without conducting a hearing on the matter. Since there was not a hearing on attorney's fees, there was no record basis for the circuit court to find that Vaughen met his burden of proving that the offer was not made in good faith. Therefore, the order denying appellate attorney's fees departed from the essential requirements of law.
We also reject Vaughen's argument that obtaining a ruling on a motion for trial attorney's fees in the trial court is necessary before a party may obtain appellate attorney's fees. In Spencer v. Barrow, 752 So.2d 135, 138 (Fla. 2d DCA 2000), the district court stated:
There is no requirement by statute, rule or case law that we have been made aware of or that we have independently discovered, that makes an award of appellate attorney's fees in cases involving offer of judgment statutes is dependent upon an award of attorney's fees in the trial court or even a timely request for such trial fees. We can perceive of many reasons why a right to fees in the trial court might be waived or not be sought, through either inadvertence or change of attorneys, or change of attitude or positions of the parties or otherwise, and such failure to seek fees at the trial level *584 should not preclude a right to fees at the appellate level.
Accordingly, we quash the order denying Disney's motion for appellate attorney's fees and remand to the county court for a hearing to determine whether Disney's offer was made in good faith and if so, the amount of trial and appellate attorney's fees he is due.
PETITION GRANTED; ORDER QUASHED AND REMANDED.
THOMPSON, C.J., and PETERSON, J., concur.
NOTES
[1] Disney alleged in his motion for reconsideration that his motion for attorney's fees was timely filed. We find nothing in the record before us to indicate otherwise.
[2] Vaughen's argument that section 768.79, Florida Statutes, does not apply to appeals lacks merit. Vaughen relies on Glanzberg v. Kauffman, 771 So.2d 60 (Fla. 4th DCA 2000), which held that section 768.79 cannot be used purely as a mechanism for obtaining appellate attorney's fees. In Glanzberg, the defendant filed an offer of judgement after obtaining a favorable judgment in the trial court. The defendant then sought appellate attorney's fees based on that offer. Those facts are clearly distinguishable from the case at bar, in which the defendant timely filed an offer of judgment in the trial court, then obtained a favorable judgment that was affirmed on appeal.