881 So.2d 605 (2004)
The KEYES COMPANY, Appellant,
v.
BANKERS REAL ESTATE PARTNERS, INC., Appellee.
Nos. 3D03-1639, 3D03-735.
District Court of Appeal of Florida, Third District.
June 30, 2004.
Friedlander & Kamelhair and Bruce D. Friedlander, for appellant.
Steven Silverman, Miami, for appellee.
Before GERSTEN, GREEN, and SHEPHERD, JJ.
PER CURIAM.
The Keyes Company ("Keyes") appeals a final judgment awarding Bankers Real Estate Partners, Inc., ("Bankers") a real estate commission and attorney's fees. We reverse.
In 1996, Bankers listed an apartment complex for East Kendall Investments and Bernard Moskowitz ("seller"). Keyes, a real estate broker obtained a contract from a buyer who agreed to pay above the asking price. Bankers and Keyes orally agreed to split the commission. The seller, meanwhile, refused to sell the property.
Bankers then sued the seller for its commission and sought Keyes' participation in the lawsuit. Keyes, however, declined. The record reveals that Bankers provided trial testimony that Keyes had a ready and willing buyer and that Keyes, as the selling broker, was entitled to one half of the commission. After trial, the court awarded *606 Bankers the full commission. The seller appealed.
On appeal, the seller argued that the trial court erred in awarding the full commission to Bankers because Bankers had agreed to split the commission fifty-fifty with Keyes. This Court affirmed, finding Bankers was entitled to the broker's commission. This Court further noted the question as to what percentage of the commission Keyes should receive was not at issue in the 1999 appeal. See East Kendall Invs. Inc. v. Bankers Real Estate Partners, 742 So.2d 302 (Fla. 3d DCA 1999).
At the conclusion of the 1999 appellate proceedings, Keyes sent Bankers a demand letter seeking half of the commission. Bankers refused.
Keyes sued Bankers for their half of the commission. Bankers claimed waiver and equitable estoppel as defenses. Keyes asserted entitlement to half of the commission based upon the co-brokerage agreement. The trial judge agreed with Bankers and entered final judgment in favor of Bankers, finding Keyes waived their claim for commission and was equitably estopped from pursuing the claim. The trial court also granted Bankers' motion for attorney's fees based upon Keyes' rejection of a proposal for settlement. We reverse both orders finding the doctrine of judicial estoppel prevents entry of judgment in favor of Bankers.
Judicial estoppel is an equitable doctrine used to prevent litigants from taking completely inconsistent positions in separate judicial proceedings. Blumberg v. USAA Cas. Ins. Co., 790 So.2d 1061 (Fla.2001). Judicial estoppel bars a party who successfully takes a position in a prior judicial proceeding from proceeding with a conflicting position in a subsequent action to the prejudice of the adverse party. Blumberg, 790 So.2d at 1066. Here, judicial estoppel clearly applies.
At oral argument in this case, Bankers acknowledged it contended in prior litigation that Keyes was entitled to fifty-percent of the commission. Having previously argued that Keyes was entitled to half of the commission, Bankers cannot now counter-argue that Keyes waived their right to their half of the commission. Accordingly, we reverse, with instructions to the trial court to enter an order awarding one-half of the commission to Keyes. See Terranova Corp. v. 1550 Biscayne Assoc., Corp., 847 So.2d 529 (Fla. 3d DCA 2003).
We also reverse the order of attorney's fees. The trial court awarded attorney's fees based upon Keyes' failure to accept Bankers' proposal of settlement. Since we have now reversed the final judgment awarding the real estate commission, Bankers is no longer entitled to attorney's fees. See Glanzberg v. Kauffman, 771 So.2d 60 (Fla. 4th DCA 2000).
Reversed and remanded with instructions.