PER CURIAM.
We affirm the trial court’s order denying appellant Frost’s motion to tax costs and fees pursuant to a proposal for settlement, as we agree that Frost’s offer of settlement was not 25% greater than the judgment when appellee Boss’s pre-proposal costs were included.
Appellee, Nicole Boss, was injured in two separate automobile accidents for which she filed one consolidated action against both drivers, Drake and appellant Frost, alleging that her damages could not be apportioned between the defendants. Frost filed a proposal for settlement in the amount of $27,500, inclusive of costs and attorney’s fees, pursuant to Florida Rule of Civil Procedure 1.442. The case was tried before a jury, which apportioned negligence for each accident, assigning fault to both drivers and to Boss. After apportionment in accordance with the jury verdict, a final judgment was entered against Frost for $19,687.50. Frost filed a motion to tax fees and costs based upon her proposal for settlement. Frost argued that Boss’s costs, which could be added to the judgment obtained pursuant to section 768.79(6), Florida Statutes, for purposes of *484 determining whether the judgment is at least 25% less than the offer, should be apportioned between Drake and Frost. If that occurred, then Boss’s net judgment would be less than 75% of the offer, entitling Frost to costs and fees.
In Deleuw, Cather & Co. v. Grogis, 655 So.2d 240 (Fla. 4th DCA 1995), we rejected a rule that required the court to apportion costs between joint tortfeasors based upon the jury’s assessment of their percentage of liability. We explained that we did not think such a rule “makes any sense, since the amount of costs a plaintiff incurs against multiple defendants is not proportionate to the fault which a jury may assess against those defendants.” Id. at 240. While Deleuw involved joint tortfeasors concurrently contributing to a single injury, the rationale for our opinion also applies to cases such as this in which tortfea-sors in multiple accidents each contributed to the plaintiffs damages.
Affirmed.
FARMER, C.J., GUNTHER and WARNER, JJ., concur.