951 So.2d 857 (2005)
Elisabeth POSEY, Individually and as parent and legal guardian of Justin Posey and Austin Posey, minor children, Appellants,
v.
Lawrence R. GROBMAN, M.D.; Lawrence R. Grobman, M.D., P.A.; SSJ Mercy Health System Inc.; and Mercy Hospital, Inc., Appellees.
No. 4D05-644.
District Court of Appeal of Florida, Fourth District.
November 30, 2005.
Rehearing Denied April 23, 2007.
Edna L. Caruso and Diran V. Seropian of Edna L. Caruso, P.A., West Palm Beach, and Sheldon J. Schlesinger and Scott Newmark of Sheldon J. Schlesinger, P.A., Fort Lauderdale, for appellants.
Helen Ann Hauser of Dittmar & Hauser, P.A., Coconut Grove, for appellees.
STONE, J.
The plaintiffs (Posey) appeal a post-verdict cost order granting a set-off to a defendant, Dr. Grobman, for taxable costs paid by a co-defendant, Mercy Hospital, pursuant to a separate settlement of taxable costs with Posey. The jury had returned a verdict for Posey and apportioned negligence, 90% to Dr. Grobman and 10% to Mercy.
After the Mercy settlement, the trial court, at Dr. Grobman's request, isolated and apportioned those costs that were deemed applicable solely to Posey's case against Dr. Grobman. The cost figure arrived at is not disputed. We conclude that under the circumstances of this case, the responsibility for taxable costs between Dr. Grobman and Mercy should not be treated as joint and several and that Dr. Grobman is not entitled to a set-off.
The total costs involved are extensive, amounting to over $315,000. The initial *858 costs claim exceeded $500,000. Attached to Posey's motion is a 125-page spreadsheet listing expenditures and authority for each itemized cost claimed. Mercy settled its costs for $150,000 and the amount allocated by the court to costs incurred solely on the claim against Dr. Grobman amounts to around $100,000. There were other costs attributable to other defendants.
At the hearing, the trial court and the attorneys went through each of the listed costs, line by line, ferreting out the items that were allowable for proving Dr. Grobman's negligence. The result was that Dr. Grobman was left with less than a third of the revised costs.
Although the trial court expressed its concern about "double-dipping" by giving Dr. Grobman a credit for the larger hospital settlement against his $100,000 share of costs, and notwithstanding that Dr. Grobman sought to separate himself from responsibility for any costs associated with the claim against Mercy, the trial court allowed the full set-off, thereby freeing Dr. Grobman from any cost liability.
Dr. Grobman relies upon the set-off statutes, sections 46.015 and 768.041, Florida Statutes. However, we do not deem it determinative that damages are joint and several, and normally subject to a set-off, where the trial court, at Dr. Grobman's request, was able to separate out those costs incurred in proving the culpability of each defendant. It is, also significant that the combination of costs attributable to Dr. Grobman, and the amount of the Mercy costs settlement, does not exceed the total of Posey's revised costs.
Here, the trial court did not apportion the costs in accordance with percentage of liability, clearly proscribed as explained in Deleuw, Cather & Co. v. Grogis, 655 So.2d 240, 240 (Fla. 4th DCA 1995), or by any other formula. The trial court simply meted out the applicable costs, item by item, at Grobman's behest.
We note that, although we have previously determined that the liability of another defendant in this case, an HMO, was derivative, Grobman v. Posey, 863 So.2d 1230 (Fla. 4th DCA 2003), liability as between Dr. Grobman and Mercy was based on separate causes of action; Posey sued Dr. Grobman for medical malpractice/negligence and Mercy for negligent hiring and negligent supervision. There is no indication that the costs awarded in proving the claim against Dr. Grobman were also incurred in proving the claim against Mercy or other defendants.
We have considered sections 46.015(2), 768.041(2), and 768.81, Florida Statutes, applicable to damage set-offs, but find nothing in those statutes that mandates crediting a cost payment by one defendant against costs owed on independent claims against a joint tort-feasor, where the total award does not result in a windfall to the plaintiff.
Had the dollar amount of the settlement and the costs allowable to Dr. Grobman exceeded total costs claimed and allowed, it would be necessary to address any claim of overlap. However, such is not the case here. Fairness requires that, on these facts, Dr. Grobman not receive a windfall at Posey's expense.
Therefore, the order is reversed and the cause remanded for further proceedings.
GROSS and HAZOURI, JJ., concur.