[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 22, 2011
JOHN LEY
CLERK

No. 11-11886
Non-Argument Calendar
_____

Agency No. A096-268-031

ANILA ISUFI,
STIVI ISUFI,
JUGERT ISUFI,
JETMIR ISUFI,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 22, 2011)

Before HULL, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Anila Isufi and her family, natives and citizens of Albania, petition for review of the decision of the Board of Immigration Appeals that denied Isufi's motion to reconsider. We dismiss in part and deny in part the petition.

We lack jurisdiction to consider two of Isufi's arguments. First, Isufi challenges the denial of asylum and withholding of removal, but Isufi waited more than 30 days to petition for review of the final order of removal. 8 U.S.C. § 1252(a)(1), (b)(1). The "finality [of the order] [was] not affected by the subsequent filing of [Isufi's] motion to reconsider." Stone v. INS, 514 U.S. 386, 405, 115 S. Ct. 1537, 1549 (1995). Second, Isufi argues that she was denied a fair hearing because of "administrative errors and due process violations," but Isufi never presented this argument to the Board. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006). We dismiss in part Isufi's petition about these arguments.

The Board did not abuse its discretion by denying Isufi's motion for reconsideration. Isufi argues that the Department submitted an article from Wikipedia that was unreliable, but the Board relied on information about changed country conditions in the Country Reports and 2006 Profile of Asylum Claims to find that Isufi lacked an objectively reasonable fear that she would be persecuted on removal to Albania. See Imelda v. U.S. Atty. Gen., 611 F.3d 724, 728 (11th

2

Cir. 2010). The Board found that Isufi had been persecuted by the Socialist Party, but that the Country Reports and Profile established that the Democratic Party, of which Isufi was a member, had assumed control of the Albanian government in 2005 and had worked to eliminate political oppression and police abuse. Although Isufi argues that "the burden of proof [had been] improperly placed on [her]" to prove that her fear of future persecution was well founded, the Board stated that it had "simply observed that there was not evidence of any . . . threats" that would suggest that the Socialist Party remained interested in Isufi. Isufi argues that the Board failed to "address[] the question of humanitarian asylum," but Isufi "without excuse or exception" failed to request that form of relief in her motion. See Amaya-Artunduaga, 463 F.3d at 1250. Isufi also argues that the Board should have reopened her proceedings, but her argument "is so conclusory that [it is] deemed abandoned." Auto-Owners Ins. Co. v. Se. Floating Docks, Inc., 632 F.3d 1195, 1201 n.7 (11th Cir. 2011). We deny that part of Isufi's petition that challenged the denial of her motion for reconsideration.

**PETITION DISMISSED IN PART, DENIED IN PART.**