[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10915
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-01877-RLV


SAMI S. WILF,

Plaintiff-Appellant,

versus

THE BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF GEORGIA,
KATHRYN FULLER-SEELEY,
in her individual and official capacity
as Associate Professor of Communication
at Georgia State University,
DAVID CHESHIER,
in his individual and official capacity as
Chair of the Department of Communication
of Georgia State University,
RODNEY PENNAMON,
in his individual and official capacity as Director
of the Office of Disability Services of Georgia State
University,
MARK BECKER, in his official capacity as
President of Georgia State University,

Defendants-Appellees,

TERESITA WARREN, etc., et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 20, 2013)

Before MARCUS, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Sami Wilf appeals pro se the summary judgment in favor of the Board of Regents of the University System of Georgia and four employees of Georgia State University, Kathryn Fuller-Seeley, David Cheshier, Rodney Pennamon, and Mark Becker.  Wilf complained about discrimination based on his attention deficit hyperactivity disorder, depression, and bipolar disorder and retaliation after he requested reasonable accommodations for those disabilities, in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 794(a).  We affirm.

The district court did not err by entering summary judgment against Wilf's claims of retaliation.  Wilf argues that the district court "ignored" his arguments and the evidence supporting his claims against Fuller-Seeley and Cheshier, but the district court considered Wilf's arguments and ruled that he failed to establish a

2

prima facie case of retaliation against Fuller-Seeley or Cheshier.  And Wilf does not challenge the substance of those rulings.   Wilf also argues summarily that Fuller-Seeley's conduct "was actionable retaliation" and that he was entitled to "injunctive relief against GSU's ongoing act of retaliation," but these arguments are "so conclusory that [they are] deemed abandoned," Auto–Owners Ins. Co. v. Se. Floating Docks, Inc., 632 F.3d 1195, 1201 n.7 (11th Cir. 2011).  Wilf challenges the ruling that he abandoned his claim against Pennamon, but Wilf could "not rely on his pleadings to avoid judgment against him" when he failed to dispute that he could not establish a prima facie case of retaliation.  See Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995) (internal quotation marks and citation omitted).  Although Wilf purports to incorporate by reference the arguments that he raised in his "objections and supplemental objections," his "[m]ere citation to [those] documents . . . does not meet the[] requirements" in Rule 28(a) of the Federal Rules of Appellate Procedure that he include in his brief his "contentions and the reasons for them, with citations to the authorities and parts of the record on which [he] relies."  See Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr S.A., 377 F.3d 1164, 1168 n.4 (11th Cir. 2004).  Wilf's status as a pro se litigant does not relieve him of his obligation to comply with the rules of procedure.  See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

3

The district court also did not err by granting summary judgment against Wilf's claims of unlawful discrimination based on the alleged failure of the university employees reasonably to accommodate his disabilities. Wilf argues that he was entitled to copies of lecture outlines that Fuller-Seeley displayed during each class, but "a qualified individual with a disability is not entitled to the accommodation of [his] choice, . . . only to a reasonable accommodation," Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1286 (11th Cir. 1997) (internal quotation marks and citation omitted). The university employees allowed Wilf to use a laptop computer in class, to tape-record Fuller-Seeley's lectures, and to request that another student take notes for him. Wilf fails to explain why those accommodations were unreasonable. Wilf also argues that the university employees failed to make reasonable accommodations for him to take Fuller-Seeley's first test, but the undisputed evidence established that Wilf failed to request an accommodation before the first test; failed to appear during a week-long period in which he was allowed to make up the test; and failed to avail himself of an opportunity to take the first test when he took his final examination. The record establishes no genuine dispute that the university employees accommodated Wilf's disabilities and that those accommodations were reasonable.

We **AFFIRM** the summary judgment in favor of the Board of Regents and the employees of Georgia State University.

4