# Third District Court of Appeal

## State of Florida

Opinion filed July 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1094
Lower Tribunal No. 23-17375-CA-01
_____


**Fullcircle LLC, et al.,**
Appellants,

vs.

**Justin Kaiser, et al.,**
Appellees.



An Appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Hirzel Dreyfuss & Dempsey, PLLC and Leon F. Hirzel, for appellants.

Wegner Law PLLC and P. Christopher Wegner (Estero), for appellees.


Before SCALES, C.J., and LOGUE and GORDO, JJ.

GORDO, J.

Fullcircle LLC and eleven other individuals and entities[1] ("Franchisees") appeal an order granting Justin Kaiser and Larry Schroder's ("Directors") second amended motion to dismiss and dismissing their complaint without prejudice to pursue their claims in arbitration. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm.

On appeal, the Franchisees argue the Directors waived their right to arbitrate because they previously opposed arbitration, and they argue the doctrine of judicial estoppel bars arbitration.[2]

"Whether a party has waived the right to arbitrate is a question of fact, reviewed on appeal for competent, substantial evidence to support the lower[] court's findings." Leder v. Imburgia Constr. Servs., Inc., 325 So. 3d

---

[1] William D. Golding, Rae Bright LLC, Jonathan Bryant, Kyle Wilkins, Shiloh Energy Projects, LLC, How2 B Solar, LLC, Solar Grids of North Georgia, LLC, Nevada Harrison, Open Sky Solar LLC, Helios Corporation and Sneha Shah.

[2] The Franchisees additionally argue the trial court erred in considering the arbitration provisions that were not attached to the complaint when ruling on the Directors' second amended motion to dismiss. We find the trial court properly considered the provisions. See Orr v. AT&T Mobility, LLC, 401 So. 3d 397, 399 (Fla. 3d DCA 2024) ("When ruling on a motion to dismiss, the Court must limit itself to the four corners of the complaint, including any attached or incorporated exhibits, assuming the allegations in the complaint to be true and construing all reasonable inferences therefrom in favor of the non-moving party . . . When, however, the terms of a legal document are impliedly incorporated by reference into the complaint, the trial court may consider the contents of the document in ruling on a motion to dismiss.") (internal quotation marks and citations omitted).

256, 258 (Fla. 3d DCA 2021) (quoting <u>Green Tree Servicing, LLC v. McLeod</u>, 15 So. 3d 682, 686 (Fla. 2d DCA 2009)). "However, 'the standard of review applicable to the trial court's construction of the arbitration provision, and to its application of the law to the facts found, is de novo.'" <u>Id.</u>

Finding no error in the trial court's order, we affirm. <u>See</u> <u>Marine Env't Partners, Inc. v. Johnson</u>, 863 So. 2d 423, 426 (Fla. 4th DCA 2003) ("Under both federal law and the Florida arbitration code, there are three elements for courts to consider: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitral issue exists; and (3) whether the right to arbitration was waived. The question of waiver is one of fact, reviewable for competent substantial evidence. All doubts regarding waiver should be construed in favor of arbitration rather than against it. Waiver is the intentional or voluntary relinquishment of a known right or conduct which warrants an inference of the relinquishment of a known right. A party claiming waiver of arbitration must show: 1) knowledge of an existing right to arbitrate and 2) active participation in litigation or other acts inconsistent with the right."); <u>Black Knight Servicing Techs., LLC v. PennyMac Loan Servs., LLC</u>, 310 So. 3d 1116, 1118 (Fla. 1st DCA 2021) ("The party arguing waiver of arbitration bears a heavy burden of proof. All doubts regarding waiver should be construed in favor of arbitration rather than against it.") (quotations

3

omitted); <u>Keyes Co. v. Bankers Real Est. Partners, Inc.</u>, 881 So. 2d 605, 606 (Fla. 3d DCA 2004) ("Judicial estoppel is an equitable doctrine used to prevent litigants from taking completely inconsistent positions in separate judicial proceedings.  Judicial estoppel bars a party who successfully takes a position in a prior judicial proceeding from proceeding with a conflicting position in a subsequent action to the prejudice of the adverse party."); <u>Grau v. Provident Life & Accident Ins. Co.</u>, 899 So. 2d 396, 400 (Fla. 4th DCA 2005) ("[T]he general rule of judicial estoppel in Florida appears to be this: A claim or position successfully maintained in a former action or judicial proceeding bars a party from making a completely inconsistent claim or taking a clearly conflicting position in a subsequent action or judicial proceeding, to the prejudice of the adverse party, **where the parties are the same in both actions**, subject to the 'special fairness and policy considerations' exception to the mutuality of parties requirement.  Under this general rule, judicial estoppel does not apply in this case . . . .") (footnotes omitted) (emphasis added).

Affirmed.